IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STADFORD R. JOHNSON, IDOC # N78111,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 10-652-GPM |
| ) | |
| **KEVIN ROUSEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Stadford R. Johnson, who is in the custody of the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Sexually Dangerous Persons Act ("ISDPA"), 725 ILCS 205/0.01 *et seq.*, and who is confined currently at the Big Muddy River Correctional Center ("Big Muddy"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. The complaint in this case now is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).[1]

Johnson's pro se complaint in this case alleges several violations of Johnson's constitutional rights by IDOC personnel. First, Johnson alleges that on August 19, 2010, Defendant Kevin Rousey, a correctional officer at Big Muddy, subjected Johnson to excessive force. Second, Johnson alleges that Defendants Randy Valdez and Mike Sanders, while sitting on an adjustment committee reviewing disciplinary charges against Johnson on August 26, 2009, improperly recommended that Johnson be sentenced to six months' disciplinary segregation, one month's gym and yard restrictions, and six months' reduction to disciplinary grade C. Johnson claims that Valdez was unfairly biased against him and that Sanders ignored Johnson's requests for a fair disciplinary hearing. Johnson claims also that Defendant John D. Evans, the warden of Big Muddy, approved the

---

1. It perhaps should be noted that, although Johnson is in IDOC custody pursuant to a civil commitment under the ISDPA, Johnson nonetheless is deemed to be a "prisoner" whose complaint is subject to screening pursuant to 28 U.S.C. § 1915A. *See Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

allegedly unfair disciplinary sentence recommended for Johnson by Valdez and Sanders. Third, Defendant Sherry Benton, a member of the IDOC's adjustment review board, is alleged by Johnson to have violated his rights by denying administrative appeals Johnson took from denials of grievances that Johnson filed at Big Muddy. Defendant Michael P. Randle, the former director of the IDOC is alleged by Johnson to have violated Johnson's rights by approving Benton's actions.[2]

The Court turns first to Johnson's claim against Rousey. According to Johnson, Rousey physically picked Johnson up and carried Johnson to the segregation unit at Big Muddy, a charge the Court finds preposterous. However, assuming the truth of Johnson's allegations, the Court nonetheless concludes that Johnson has failed to state a claim for relief. When a prisoner brings an excessive force claim, a court's task "is to determine 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). "Whether the defendants' actions were done in a malicious and sadistic manner to cause harm is a strict and fairly high threshold. Factors relevant to [the] inquiry include the nature and extent of the harm, the need for force, the threat to the safety of staff and inmates, and the extent of the injury inflicted on the prisoner." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Infliction of pain that is 'totally without penological justification' is *per se* malicious." *Fillmore v.*

---

2. The Court notes that it is unclear whether Johnson's claims in this case are properly joined under Rule 20 of the Federal Rules of Civil Procedure. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). However, because the Court finds, for the reasons discussed infra, that Johnson has failed to state a claim against any Defendant in this case, it is unnecessary for the Court to address the propriety of the joinder of Johnson's claims. *See Turley v. Gaetz*, 625 F.3d 1005, 1010-12 (7th Cir. 2010).

*Page*, 358 F.3d 496, 504 (7th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 737 (2002)). "[N]ot every 'malevolent touch by a prison guard' gives rise to a federal cause of action, even if the use of force in question 'may later seem unnecessary in the peace of a judge's chambers.'" *Outlaw v. Newkirk*, 259 F.3d 833, 838 (7th Cir. 2001) (quoting *Hudson*, 503 U.S. at 9). Thus, "[t]he use of *de minimis* force, so long as it 'is not of a sort repugnant to the conscience of mankind,' is not of [constitutional] concern." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (quoting *Hudson*, 503 U.S. at 10).[3]

In this case Johnson claims that, as a result of Rousey's alleged use of force, Johnson suffered a scar on his wrist. This plainly is a de minimis injury. In *Outlaw* the United States Court of Appeals for the Seventh Circuit said of an application of force that caused "superficial injuries to [a prisoner's] hand" that,

> Even viewing the facts in a light most favorable to [the prisoner], a rational jury could draw one of only two possible conclusions: that the incident was an accident, or that [the guard] deliberately and perhaps unnecessarily applied a relatively minor amount of force to achieve a legitimate security objective. Neither scenario would involve a use of force that was "repugnant to the conscience of mankind."

259 F.3d at 839 (quoting *Hudson*, 503 U.S. at 10). The absence of a serious injury in this case is not the end of the Court's inquiry, of course. A prisoner claiming excessive force need not establish serious bodily injury, because otherwise the Constitution "would permit any physical punishment,

---

3. Persons civilly committed under the ISDPA are deemed to be pretrial detainees, not convicted prisoners. *See Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003). Claims for excessive force, deliberate indifference to the health and safety of incarcerated persons, etc., maintained by pretrial detainees confined in state prisons are analyzed under the Fourteenth Amendment, not the Eighth Amendment. *See Collignon v. Milwaukee County*, 163 F.3d 982, 986-87 (7th Cir. 1998). As a practical matter, however, "there is minimal difference in what the two standards [the Fourteenth Amendment and the Eighth Amendment] require of state actors." *Id*. at 988. Thus, in evaluating Johnson's excessive force claim, the Court has relied freely upon case law analyzing such claims under the Eighth Amendment standard.

no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. *See also Hill v. Shelander*, 992 F.2d 714, 718 (7th Cir. 1993) (allegations that a prison guard beat an unresisting prisoner and kneed the prisoner in the groin stated an excessive force claim). However, the fact that Johnson suffered only a minor injury as a result of the application of force challenged in this case suggests that Rousey did not act maliciously and sadistically. *See Lunsford*, 17 F.3d at 1582 ("This type of minor injury further supports our conclusion that at most this incident was a *de minimis* use of force not intended to cause pain or injury to the inmate."). Also, "in cases where it's debatable whether the use of force was legitimate or malicious, the lack of serious injury may tip the scales against the prisoner." *Hendrickson v. Cooper*, 589 F.3d 887, 891 (7th Cir. 2009). In this case the use of force at issue was occasioned by the fact that Johnson was refusing to obey Rousey's order for Johnson to report to segregation. "When an order is given to an inmate there are only so many choices available to the correctional officer. If it is an order that requires action by the institution, and the inmate cannot be persuaded to obey the order, some means must be used to compel compliance, such as . . . physical force . . . . Orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984). Rousey's conduct in bringing Johnson to segregation, after Johnson refused to go voluntarily, was a use of minor force to serve a legitimate security objective, not malice or sadism. Johnson's claim against Rousey will be dismissed.[4]

---

4. The Court notes that Johnson seems to claim in this case that Rousey has retaliated against him for filing grievances about the conditions of his confinement, in violation of the First Amendment. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). However, Johnson does not allege any specific grievances that he filed for which Rousey may have retaliated against him. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (if a prisoner alleged in a complaint that a prison official

The Court turns next to Johnson's claims against Valdez, Sanders, and Evans concerning the disciplinary proceeding against Johnson challenged in this lawsuit. The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). It is the case that certain due process safeguards apply in prison disciplinary proceedings in which loss of good-time credit is part of the possible punishment. *See McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999) (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). However, because Johnson is in IDOC custody pursuant to a civil commitment under the ISDPA, he does not earn good-time credit. *See People v. Shiro*, 287 N.E.2d 708, 711 (Ill. 1972) ("Those persons who are adjudged sexually dangerous under the [ISDPA] are committed to the care of the Director of Corrections, but this does not imply that they are to be treated as criminal prisoners."). Also, Johnson's disciplinary sentence was six months' segregation, one month's gym and yard restrictions, and six months' demotion to C-grade. In general, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in

---

"retaliated against him for filing a suit, without identifying the suit . . . , the complaint would be insufficient, because the [official] would not . . . know[ ] how to respond.") (citation omitted). To the extent Johnson claims that Rousey interfered with Johnson's medical treatment for diabetes by depriving Johnson of breakfast the day Rousey took Johnson to segregation, "isolated instances of neglect" do not show that a prison official acted with deliberate indifference to a prisoner's medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997).

relation to the ordinary incidents of prison life,'" something Johnson does not allege in this case. *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (seventy days in segregation was not violative of due process). *See also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (noting that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent" and that terms of segregated confinement of less than six months generally do not implicate due process) (collecting cases); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (ninety days in disciplinary segregation did not violate due process). In addition, curtailment of yard time and demotion to C-grade do not implicate a due process liberty interest. *See Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) ("Whitford's demotion to C grade for six months did not implicate his federal due process rights."); *Terrell v. Godinez*, 966 F. Supp. 679, 683 (N.D. Ill. 1997) (a sixty-day loss of yard privileges was not a due process violation).

      Still more to the point, the Court cannot entertain a collateral attack by Johnson on a prison disciplinary sentence in the form of an action for damages under 42 U.S.C. § 1983. In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule set forth in *Heck* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Until a conviction or sentence has been invalidated, a claim for damages simply "does not accrue[.]" *Heck*, 512 U.S. at 490. The *Heck* rule extends to constitutional claims arising out of prison disciplinary hearings, if those

claims necessarily call into question the validity of sentences imposed by prison authorities for infractions of prison discipline. For example, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court held that a prisoner's challenge to the procedures employed in a disciplinary hearing is not cognizable under Section 1983 if "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment" of a prison disciplinary committee. *Id*. at 645. Thus, a prisoner's claim for damages "based on allegations of deceit and bias on the part of the decisionmaker [in a prison disciplinary proceeding] that necessarily imply the invalidity of the punishment imposed . . . is not cognizable under § 1983." *Id*. at 648. The Seventh Circuit Court of Appeals has held that, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486). *See also Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996) (a claim for damages that necessarily questions the sentence of a prison disciplinary committee is barred by *Heck*); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996) (a prisoner's Section 1983 claim against prison officials for alleged violations of the prisoner's procedural due process rights when placing the prisoner in segregation was *Heck*-barred). Here, of course, the disciplinary sentence imposed on Johnson by Valdez, Sanders, and Evans has not been vacated, and therefore any claim by Johnson for damages under Section 1983 for supposedly having been sentenced wrongfully in the course of the disciplinary proceedings challenged in this case is barred by *Heck*. Johnson's claims against Valdez, Sanders, and Evans will be dismissed.

The Court turns finally to Johnson's claims against Benton and Randle. The gist of these claims is simply that Benton and Randle ignored and dismissed Johnson's grievances about the conditions of his confinement. Assuming the truth of Johnson's allegations, they do not state a claim for a violation of Johnson's constitutional rights. There is, of course, a constitutional right to address complaints to state officials. *See Black v. Lane*, 22 F.3d 1395, 1403 (7th Cir. 1994). However, "the First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Moreover, "[a] citizen's right to petition the government" not only "does not guarantee a response to the petition," it does not "compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Correspondingly, allegations that a state prison maintains an "inadequate" grievance procedure do not state a claim for a violation of constitutional rights. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that the grievance procedure available at the Cook County Jail violated neither the First Amendment nor the Fourteenth Amendment). In fact, "[t]he Constitution does not require that [prison officials] provide a formal grievance procedure nor adhere to their own procedures if they establish one." *Shidler v. Moore*, 409 F. Supp. 2d 1060, 1070 (N.D. Ind. 2006). Thus, the failure of state prison officials to follow their own procedures does not, of itself, rise to the level of a violation of a prisoner's constitutional rights. *See Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982)) ("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests."). *Accord Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) ("The simple fact that state law

prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension."). Furthermore, the Seventh Circuit Court of Appeals has held that a wrongful denial of a grievance is not a basis for a claim of violation of constitutional rights under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. Johnson's claims against Benton and Randle will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Johnson's complaint fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. All pending motions in this case (Doc. 9, Doc. 10, Doc. 14, Doc. 15, and Doc. 17) are **DENIED as moot**. Johnson is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: February 20, 2011

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge